Texas & Pacific Railway Company v. R. M. Hughes.

No. 1506.  Decided February 26, 1906.

**Railroad—Cattle Shipment—Demand for Cars.**

A written demand upon a railway company to furnish cars for the shipment of cattle "as soon as possible" is not such compliance with the terms of article 4498, Revised Statutes, since it fails to state "the time they are desired," as to entitle the shipper to recover either the penalty or damages under the statute. Being highly penal, he who seeks recovery under it must bring himself strictly within its provisions. (P. 536.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Nolan County.

*Beall & Beall,* for appellant.—Rev. Stat., art. 4498, provides "said application for cars shall state the number of cars desired, the place at which they are desired, and the time they are desired." . . . This article refers or alludes to the written application to be made by the shipper as prescribed in the preceding article 4497, and therefore becomes a qualifying and component part of that article which railway companies are required to obey under the penalty prescribed in article

4499. The very nature of these statutes, prescribing a heavy penalty, and therefore harsh unless in instances of culpable negligence, should be, as held in the case of Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551, strictly construed. This order requested the railway company to furnish the cars as "soon as possible," but certainly not sooner. Hence, the railway company should have been permitted to plead or show the unprecedented rush, and demand for cars to ship live stock on its line of road at the time the cars were ordered and furnished.

*Ragland & Crane*, for appellee.—The statute was complied with, and while a penalty statute and to be strictly construed, yet it is to be reasonably construed so as to give effect to the intent of the law-making power. The effect of the car order was to call for the car to be delivered within a reasonable time (Anderson's Law Dictionary, p. 915), and the law fixed what was that reasonable time. Rev. Stat., sec. 331a; Rev. Stat., secs. 4494 to 4502, as amended by Act 1897-9; Austin & N. W. Ry. Co. v. Slater, 7 Texas Civ. App., 344; Houston & T. C. Ry. Co. v. Mayes, 11 Texas Ct. Rep., 69; Chicago, M. & St. P. Ry. Co. v. Solan, 169 U. S., 133; Bolles v. Outing Co., 175 U. S., 262.

The common law action for negligence existed before the enactment of the statute, and the statute simply fixed a gauge by which negligence per se could be determined in a case coming under it. It is negligence per se to fail to comply with the statute. Texas & Pac. Ry. Co. v. Smith and White, 9 Texas Ct. Rep., 627; Denison & S. Ry. Co. v. Powell, 9 Texas Ct. Rep., 850; Houston & T. C. Ry. Co. v. Mayes, 11 Texas Ct. Rep., 69.

The part of the defendant's answer stricken out on exception simply endeavored to set up a congested condition of transportation facilities which in the Smith and White and in the Powell cases was held to constitute no defense and this court refused writs of error in those cases. Defendant's effort to allege want of power to furnish the car sooner was wholly insufficient because it did not undertake to allege that defendant owned or controlled a sufficient number of cars for its ordinary run of business in the manner it was conducted. And that the conditions prevailing at the time of the filing of the car order were abnormal and beyond defendant's control. Such we understand to be the rule in the well considered Keeter case cited below, which occurred under a similar statute. Again, No. 4502 in expressly providing in what cases are art. 4499, etc., should not apply, carries with it the necessary implication that it should apply in all other cases. The Smith and White case; the Powell case; Keeter v. Wilmington Ry. Co., 86 N. C., 346 (also in 9 Am. &. Eng. Ry. cases, 165).

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the Second Supreme Judicial District. The statement and questions are as follows:

"On December 22, 1904, the appellee filed his first amended original petition, alleging that on about November 26, 1903, he made a written demand of appellant for a stock car to be used by him over the line of appellant for shipping stock; that said car was to be furnished to him

at Sweetwater, Texas, on the line of appellant, as soon thereafter as possible, and at the same time he tendered to appellant one-fourth of the freight rate for the use of such car, but that the appellant failed and refused to deliver such car until December 10, 1903.

"The petition is sufficient in all respects to authorize a recovery against appellant for the penalty denounced by statute for failure to furnish cars upon written demand of the shipper. The petition also sought to recover damages occasioned to appellee's cattle by reason of the delay in furnishing the car, and the action in this respect is based entirely upon article 4499 of the statute, authorizing a recovery of 'all actual damages that such applicant may sustain,' by reason of the failure to furnish the car within the time contemplated by statute, and not in any sense predicated upon the negligence of appellant. In other words, the petition shows a right to recover a penalty against appellant for failure to furnish cars, and also to recover actual damages resulting from such failure, if the article of the statute referred to confers upon him a right of action for such damages independently of an allegation of negligence on the part of appellant.

"To this petition appellant answered, among other things, in substance as follows: That at the time said car was ordered by appellee, it made and entered into no contract whatever with him for furnishing such car, and if any delay whatever was occasioned in furnishing the same, it was solely because it was not in the power of appellant to furnish such car, as requested by appellee, at an earlier date; that at the time appellee filed such order with appellant for a car, there was an unprecedented rush of live stock over appellant's line of road, requiring a greater number of cars than could have been anticipated by appellant, and that inasmuch as appellant was compelled to supply cars in the order in which they were demanded, that such delay, if any, in furnishing to appellee the car, was by reason of the fact that his order had to be supplied in point of time according as same was made in reference to other orders; that such delay, if any, was not by reason of any negligence either willful or otherwise on the part of appellant, but because of its inability to furnish the car at an earlier date, and that it did furnish the car to appellee for his use at the very earliest time possible. Upon appellee's exception, this part of appellant's answer was stricken out by the court.

"Upon the trial the written order for cars, upon which the action was based, was introduced in evidence, over the objection of the appellant, and is as follows:

" 'Sweetwater, Texas, November 26, 1903.
" 'The T. & P. Ry. Co., W. E. Feaster, Agent, Sweetwater, Texas. I hereby apply to you for one cattle-car to be delivered for my use at Sweetwater, Texas, on the line of your road as soon as possible. I wish to ship cattle in this car to St. Louis, Mo., with the privilege of the Fort Worth market, and I wish to bill them over your road to Fort Worth, Texas, and from Fort Worth over the M. K. & T. Ry. of Texas and the M. K. & T. Ry., and while I prefer what is commonly known among shippers as stable cars, yet it is good and suitable stock car that

I want, regardless of what its name may be. I hereby tender to you one-fourth or 25 percent of the freight rate to St. Louis as quoted to me by your said agent, and I hereby notify you that I will suffer heavy damages in case said cars are not forthcoming as above suggested, and for which you will be held responsible, as well as for statutory penalty in case said cars are not delivered as required by law. (Signed) R. M. Hughes.'

"The above case is now pending before us on appeal from the County Court of Nolan County, from a judgment against appellant both for a penalty and damages, and we deem it advisable to certify to Your Honors the following questions of law arising therein:

"First. Is the written order above quoted a sufficient compliance with the terms of the statute to authorize appellee to recover a penalty from appellant for its failure to furnish the car demanded?

"Second. Would a recovery for actual damages to appellee's stock be permissible under the statute, article 4499, in the absence of an allegation that appellant's delay in furnishing cars was due to negligence?

"And Third. Did that part of appellant's answer above set out, which was stricken out on appellee's exception, constitute a valid defense in whole or in part to appellee's action?"

We answer the first question in the negative. The requisites of an application for cars are prescribed by the following article of the Revised Statutes:

"Art. 4498. Said application for cars shall state the number of cars desired, the place at which they are desired and the time they are desired; provided, that the place designated shall be at some station or switch on the railroad."

The statute under which appellee seeks to recover is highly penal, and the rule applies, that he who seeks to recover a penalty under such statute must bring himself strictly within the provisions of the law. Schloss v. Atchison T. & S. F. Ry. Co., 85 Texas, 601; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551.

There is no specification of time in the application shown in the statement accompanying these questions. "As soon as possible" specifies no time whatever.

The application being insufficient, the appellee in this case had no cause of action, therefore, it is unnecessary for us to answer the second and third questions.