Texas & Pacific Railway Company v. B. F. Blocker.

Decided December 5, 1907.

**1.—Carrier—Failure to Furnish Cars—Statute Construed.**

Articles 4497 to 4502, as amended by the Act of 1899 (Gen. Laws 1899, page 67), concerning the furnishing of cars by railroad companies to shippers, being highly penal both as to the railroad companies and the shippers, should be strictly construed, and the penalties therein denounced can not be invoked unless the complainant brings himself clearly within the terms of the law.

**2.—Same.**

Where the number of cars demanded by a shipper is less than ten, the railroad company has three days from the receipt of the application, in which to deliver them; hence a failure of such company to comply with a demand made on one day for two cars to be furnished on the next day would not render the company liable for the penalty prescribed by the statute.

**3.—Same—Damages—Pleading.**

In an action by a shipper against a railroad company for damages for failure to furnish cars on demand, where the petition contains no allegation of a contract between plaintiff and defendant and breach thereof, nor of any negligent failure of the railroad to discharge any duty, but is based solely on the statute, a failure to show a right to recover the penalties denounced by the statute will preclude a recovery for the damages prescribed by the same statute.

Appeal from the County Court of Bowie County. Tried below before Hon. Sam H. Smelser.

*Glass, Estes & King* and *W. L. Hall,* for appellant.

*J. E. Garland,* for appellee.

WILLSON, Chief Justice.—This was a suit brought by appellee against appellant to recover damages claimed to have been suffered by him as the result of appellant's failure to furnish him cars in which to ship certain cotton seed; and also to recover penalties claimed to have accrued in his favor against appellant by reason of its failure to furnish such cars.

The case was tried before the judge and without a jury, in the County Court of Bowie County. The trial resulted in a judgment, rendered February 6, 1907, against appellant and in favor of appellee, for the sum of $650 as penalties and for the sum of $262 as damages.

The evidence shows, and the court found as facts, that on October 23, 1906, appellee owned and operated a gin at Oak Grove, a switch on appellant's line of railway; that appellant did not maintain a depot and did not have an agent at said switch; that the depot nearest to said switch on appellant's line of railway was at DeKalb, five miles distant; that at the time mentioned appellee, in connection with the operation of his gin, was engaged, and for some time theretofore had been engaged, in buying and selling cotton seed and shipping same over appellant's line of railway either to Paris or

Texarkana; that for use in storing seed to be so shipped appellee maintained on the edge of appellant's right of way and about fifty feet from his gin, a house capable of holding about three car loads of seed; that on said October 23, 1906, having seed on hand which he desired to ship out, appellee in writing applied to appellant's station agent at DeKalb for two freight cars to be placed for his use in shipping such seed on the switch near his seed house, on or before October 24, 1906; that appellant's station agent at DeKalb at the time appellee's order or application for the cars was presented to him in writing acknowledged receiving from appellee the sum of $10 to be applied on "freight charges on two cars cotton seed from Oak Grove to Texarkana or Paris;" that the $10 paid by appellee to appellant's said agent and covered by the latter's receipt, was sufficient to pay one-fourth of the freight charges on said cars when loaded with cotton seed from Oak Grove to either Paris or Texarkana, stations on appellant's line of railway; that on the night of said October 23, 1906, appellant placed two cars on the switch at Oak Grove, in response to appellee's demand; that the two cars so placed were stock cars, and, because too open and too filthy, were not suitable for shipping the cotton seed; that appellee at once notified appellant that he could not use the cars so placed for him, because they were not suitable for his purpose; that no other cars were furnished to appellee by appellant in response to his order of October 23 therefor, until November 7 following, when appellant furnished him one car; that on November 10, 1906, appellee in writing applied to appellant's said station agent at DeKalb for three freight cars to be placed for his use on said switch on or before November 11, 1906; that appellant's said station agent at the time this application or order was presented to him in writing acknowledged receiving from appellee the sum of $15 to be applied "on freight charges on three cars cotton seed to Paris or Texarkana;" that the $15 so paid by appellee to appellant's said agent and covered by the latter's receipt, was sufficient to pay one-fourth of the freight charges on said cars when loaded with cotton seed from Oak Grove to either Paris or Texarkana; that on November 18, 1906, appellant furnished appellee with two cars; and that after October 23, 1906, his storage house being filled with cotton seed, he had to place seed purchased by him on the ground, where, by exposure to rain, etc., they were damaged.

From the foregoing facts found by him the court concluded as matter of law that appellee was entitled to recover of appellant the penalties and damages awarded to him by the judgment. We are unable to concur in this conclusion. The law denounces a penalty against a railroad company in favor of the owner of any freight when such owner, in accordance with its terms, makes a demand for cars in which to ship such freight, and the railroad company fails to furnish them. To bring himself within the terms of the law, the owner of the freight to be shipped must in writing make an application for the cars desired by him to a superintendent, agent or other person in charge of transportation for the railroad company, and in such application state (1) the number of cars

desired, (2) the place—which must be at some station or switch on the railroad company's line of road—at which they are desired, and (3) the time when they are desired; and he must deposit with the agent of the railroad company one-fourth of the amount of the freight charges for the use of such cars, unless the company agrees to deliver the cars without such deposit. When the owner of the freight to be shipped has so complied with the requirements imposed on him by the law, it becomes the duty of the railroad company within a reasonable time thereafterwards, not to exceed six days from the date of its receipt of the application, to supply the number of cars demanded, "provided," the law declares, "if the application be for ten cars or less, the same shall be furnished in three days." For a failure to discharge such duty the statute denounces in favor of the shipper against the railroad company a penalty of $25 per day for each car it fails to furnish as so applied for. The same statute makes it the duty of the shipper within forty-eight hours after the car or cars have been placed for him by the railroad company in compliance with his demand, to fully load the same; and upon his failure to do so, declares "he shall forfeit and pay to the company the sum of $25 for each car not used; provided, that where applications are made on several days, all of which are filled upon the same day, the applicant shall have forty-eight hours to load the car or cars furnished on the first application, and the next forty-eight hours to load the car or cars furnished on the next application, and so on; and the penalty prescribed shall not accrue as to any car or lot of cars applied for on any one day, until the period within which they may be loaded has expired. And if said applicant shall not use such cars so ordered by him, and shall so notify the company or its agent, he shall forfeit and pay to the said railroad company, in addition to the penalty herein prescribed, the actual damages that such company may sustain by the said failure of the applicant to use said cars." (Sayles' Stat., arts. 4497 to 4502, as amended by Act 1899, Gen. Laws, p. 67.)

Being highly penal both as to the railroad company and as to the shipper, the statute must be strictly construed. The penalty provided for should not be awarded at the suit of either the railroad company or the shipper, unless the complainant brings himself clearly within its terms. (Texas & Pac. Ry. Co. v. Hughes, 99 Texas, 533; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 557.) The entire statute should be looked to, and its provisions so construed as to make it effective alike in favor of and against each of the parties affected by it. That portion of it prescribing the duties of the railroad company should be given such meaning, under the rules controlling in its construction, as will effect the purpose designed, that is, the furnishing to the shipper of proper facilities for the transportation of his property; and that portion of it prescribing the duties of the shipper should be given such meaning, under the same rules of construction, as will effect the purpose designed, that is, the protection of the railroad company against his improvident or improper demand for cars, or his failure

to make use of same when furnished to him; and further than may be necessary to accomplish these purposes the penalties denounced should not be held to apply.

The law requires the shipper in his application to name the time when he desires the cars. (Art. 4498, Sayles' Stat.) It requires the railroad company, if ten or a less number of cars are applied for, to furnish them in three days from the receipt by it of the application therefor. (Art. 4497, Sayles' Stat.) It requires the shipper to fully load the cars furnished within forty-eight hours after they are furnished. (Art. 4500, Sayles' Stat.) In the case now before us .the time designated in the shipper's application for the delivery of the cars was the day following the day it was received by the railroad company. The railroad company was entitled to three days from the time it received the application, in which to place the cars. It need not, therefore, have placed them at the time designated by the shipper. The question then arises: Had it placed them for the shipper, not at the time designated by him, but within the time allowed to it by the law, and had the shipper then refused to receive and load them, would the shipper be liable to it for the penalty and damages denounced against him by the statute? Again, as illustrative of the point, had the shipper in his application designated October 30, instead of October 24, as the time for the delivery of the cars, and had the railroad company furnished them within three days from October 23, the date the shipper's application reached it, would the shipper be liable to the penalty and damages denounced, had he failed to fully load the cars within forty-eight hours from the time they were so delivered? It seems to us the statute should not be so construed as to make him so liable in either of the cases suggested, nor the railroad company liable for a failure to deliver cars in such instances, if it can be given a construction which, while accomplishing the purposes of its enactment, will protect both him and the railroad company, in instances where those purposes are not being subserved, from incurring the penalty and damages denounced. We believe it can be given such a construction. The law, we think, should be construed to carry a penalty, as against the railroad company, when ten cars or a less number are demanded, only when, the shipper having in his application named as the time for the delivery of the cars a date not earlier than three days in advance of the time when the application therefor is delivered to it, it fails on that date to furnish the cars; and, as against the shipper, only when, the cars having been furnished on that date, he fails to use them. The effect of this construction of its meaning, it seems to us, would be to impose on the parties a liability for the penalties and damages denounced, only when necessary to do so to accomplish the purpose of the statute, that is, to insure the furnishing of cars to the shipper when needed by him, and, when so furnished, the use of same by him; and such a construction would relieve the respective parties from a liability to penalties and damages because of the failure of the one to furnish cars at a time when it knew they might not be

needed, and of the failure of the other to use cars furnished at a time when he did not need them.

If the statute should be so construed, the trial court erred in holding that appellee was entitled to a judgment for penalties sued for. The record shows, as was found by him, that the application for the two cars desired by appellee was presented to appellant's station agent at DeKalb on October 23, and that October 24 was the day therein designated as the day appellee would need the cars; and that the application for the three cars was presented to said agent November 10, and that November 11 was the day designated therein as the day appellee would need these cars. Under the law, as we have construed it to be, appellant was not required on October 24 to furnish cars demanded on October 23, nor required on November 11 to furnish cars demanded on November 10. In Railway Co. v. Hughes, 91 S. W., 568, the application was for a car to be delivered "as soon as possible." The Supreme Court held the application to be insufficient as a basis for penalties claimed, because it did not · meet the requirement of the law that it should specify a time. We think the specification of a time unwarranted by the law as effective as a failure to specify a time, in denying to the shipper a recovery of penalties claimed under the statute referred to. We therefore conclude that appellant's fourth assignment of error should be sustained.

As grounds for a recovery of the damages claimed by him, in his petition appellee alleged that, relying upon· appellant's furnishing the cars demanded by him, he purchased more cotton seed than he could store in his seed house, and was compelled to place the excess upon the ground near his seed house, where same was exposed to the weather; and that as a result of rain falling on them in their exposed condition the seed became heated and rotted, and thereby were depreciated in value. There is in the petition no allegation of a contract with appellant whereby it became bound to furnish him cars for the shipment of his cotton seed, nor any allegation of a negligent failure on the part of appellant to discharge any duty it owed to him, whereby he suffered the damage complained of. His suit was based entirely upon the provision of the statute denouncing ·the penalties he sought to recover, which declares that in addition to such penalties, on the failure of the railroad company to furnish the cars demanded, the shipper may recover the damages suffered by him by reason of such failure. From the conclusion reached by us, that the penalties sought are not recoverable on the facts in the record, it follows that the damages sought also are not recoverable, and that appellant's seventh assignment of error should be sustained. It also follows that the judgment of the trial court should be reversed and judgment here rendered for appellant, and it is so ordered.

*Reversed and rendered.*