### P. S. GRIFFITH ET AL. v. TEXAS & NEW ORLEANS RAILROAD COMPANY.

Decided February 2, 1909.

**1.—Railroads—Failure to Furnish Cars—Penalty—Statute.**

The statute denounces a penalty against a railroad company when the demand of the shipper is for ten cars or a less number, only when, the shipper having in his application named as the time for delivery of the cars a date not earlier than three days in advance of the time when the application therefor is delivered to it, it fails on that date to furnish the cars. Revised Statutes; arts. 4497 to 4502; Acts 26th Leg., p. 66.

**2.—Same—Damages—Penalty.**

An application to a railroad company to furnish ten cars on the day when the application was delivered to it, did not subject the company to the statutory penalty for failing to furnish the cars, nor render it liable to the demanding shipper for actual damages.

**3.—Case Followed.**

Texas & Pacific Railway Co. v. Blocker, 48 Texas Civ. App., 100.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Greer, Minor & Miller,* for appellants.

*Baker, Botts, Parker & Garwood, Parker & Hefner, W. E. Orgain* and *J. S. McEachin,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is an action instituted in the District Court by P. S. Griffith and J. M. Abbott against the Texas

& New Orleans Railroad Company to recover statutory penalties aggregating $10,000 and actual damages of $250 for failure of defendant to deliver ten oil tank cars upon their written demand therefor. The action is based upon the provisions of the statute (arts. 4497 to 4502). It is alleged that the demand in writing was made on July 8, 1902, on the agent of defendant at Gladys station in Jefferson County, Texas, for delivery of ten cars on said 8th day of July, 1902, at said Gladys station, a switch and station on the line of defendant's railway where freight was received and delivered, at which place defendant had an agent, to be loaded with crude petroleum which plaintiffs owned and then had on hand, to be shipped to El Paso, Texas; that at the time of said demand plaintiffs tendered to defendant's agent $200, which was one-fourth the amount of freight charges on said cars to El Paso, which defendant refused to accept. That at the time of the demand plaintiffs had more than enough of said petroleum to load said cars, and were ready to immediately load the same and continued ready to do so up to August 20, 1902; that is, for a period of forty days; that defendant refused to honor said requisition up to August 20, 1902, whereby it became liable to pay plaintiffs $25 per day for each of the ten cars for the period of forty days, aggregating $10,000. Plaintiff alleged actual damage by reason of such refusal and failure of $250.

Defendant demurred generally to plaintiffs' petition, and, among other special exceptions, excepted on the ground that the requisition demanding the cars to be delivered on the same day the demand was made was not sufficient, and that defendant was not required to comply therewith, and could not be made liable for the penalties prescribed by the statute for refusal to do so. The trial court sustained the general demurrer and special exceptions and, plaintiffs declining to amend, rendered final judgment against them from which they prosecute this appeal.

The only question involved in this appeal is thus presented by the two assignments of error, which are as follows: "The law does not require that a shipper, demanding ten cars or less, shall name a day for the delivery of said cars as much as three days after the filing of the requisition therefor, or any number of days thereafter. It only requires that he shall state the time the cars are desired; and the law gives the railroad company a reasonable time thereafter in which to furnish the cars. A reasonable time in such case being declared to be not more than three days after the filing of the requisition. Hence, the plaintiffs' requisition for ten cars to be delivered on the day the requisition was filed was in strict compliance with the law, and the court erred in sustaining defendant's general demurrer, and its thirteen special exceptions urged against plaintiffs' petition on the ground that the application for cars named a time for the delivery of said cars less than three days from the filing of the application, and in rendering judgment for defendant."

"The court erred in sustaining defendant's thirteenth special exception because, when not more than ten cars are demanded, the law gives to the railroad company as many as three days after the filing of said requisition in which to furnish the cars desired. Hence, a

demand for ten cars to be furnished on the day the requisition is filed is not more onerous on the railroad company than a requisition demanding ten cars to be delivered three days after the filing the requisition, but on the contrary is less onerous, because in the one case the law gives to the railroad company or writes into the requisition the time the shipper names in the other, and at the same time leaves the railroad company free to furnish the cars in less than three days if it has them at its disposal and so elects, and thus prevents the unnecessary tying up of cars and freight."

As stated in appellant's brief, the single question presented is, "Is a statutory requisition for ten cars or less sufficient when the time stated in the requisition for the delivery of the cars is the day it is filed; or must a time be stated for the delivery of the cars three days subsequent to the date the application is filed?"

The action is predicated upon the provision of the Act of 1887 (Laws of Twentieth Legislature, 133-4), and the amendment thereof by the Act of 1899 (Acts Twenty-sixth Legislature, pp. 66-67). The Act of 1887 constitutes arts. 4497 to 4502. Rev. Stats., arts. 4497 and 4500, being sections 1 and 4 of the Act of 1887, were amended by the Act of 1899. The requirements upon the railroad company by the terms of the statute as it now stands are that when a proper demand is made by a shipper for ten cars or less the carrier shall supply the same to him at the point indicated in the application in three days from the time the demand is made. If the demand is for more than ten and less than fifty cars, they shall be supplied within a reasonable time not to exceed six days, and if for fifty cars or more the railroad company may have full ten days in which to supply them.

The requirements upon the shipper are, that he shall make his demand in writing upon the superintendent or agent or other person in charge of transportation, stating in the application the number of cars desired, the place at which they are desired, and the time they are desired. He shall accompany his demand with a deposit of one-fourth of freight charge for the use of such cars, unless the railroad company agrees to deliver them without such deposit. He shall have on hand, at the time the demand is made, the amount of freight necessary to load said cars and shall load them within forty-eight hours after delivered.

It is provided that the railroad company shall forfeit to the shipper twenty-five dollars per day for each car which it fails to furnish, and all actual damages that the shipper may sustain, and that on the part of the shipper, if he shall not fully load the cars within forty-eight hours after delivery, he shall forfeit twenty-five dollars for each car not used, and in addition pay such damages as the railroad company may sustain by the failure of the shipper to use the cars.

The precise question here presented was decided by the Court of Civil Appeals of the Sixth District in the case of Texas & P. Ry. Co. v. Blocker (48 Texas Civ. App., 100), in an able opinion by Chief Justice Wilson. We fully concur in the views there so clearly expressed upon the construction of the statute in question. In that case the shipper had made a demand for cars to be furnished on the

succeeding day, and paid the necessary proportion of the freight money which was received by the agent of the railway company. The cars were not furnished as required and the shipper sued for statutory penalties and special damages. It was held that neither the statutory penalties nor the special damages were recoverable. The conclusion of the court may be summed up in the following quotation from the opinion:

"The law, we think, should be construed to carry a penalty as against the railroad company when ten cars or a less number were demanded, only when, the shipper having in his application named as the time for delivery of the cars a date not earlier than three days in advance of the time when the application therefor is delivered to it, it fails on that date to furnish the cars, and, as against the shipper, only when, the cars having been furnished on that date, he fails to use them."

It is not necessary that anything be said further in this opinion than that we concur in and adopt both the conclusion reached by that court and the reasons urged in support of such conclusion. It seems clear to us that if, in the present case, the cars had been supplied to the shipper at any time subsequent to the day named in his application and within the time allowed by law, he would not, under the statute, have been required to accept them, and would not have been liable for the statutory penalties and damages for failure to load them within forty-eight hours thereafter. The duties and penalties are reciprocal. It was never intended by the statute that the carrier should be required to supply the cars except in such cases as, under the statute, the shipper would be required to accept and load them or pay the penalty for failure. There is nothing in the statute which prohibited the carrier from supplying the cars on the day named in the application, if it saw fit to do so. The demand for the cars to be supplied on the day the requisition is made must be taken to mean that the shipper desired them on that day and was ready to use them on that day, and not on any subsequent day within three days. Construing the entire statute together it is not, we think, a reasonable interpretation of its provisions that the carrier was required to read into the demand thus made the provisions of the statute allowing three days for supplying the cars, and treat the requisition as though it were for the delivery of the cars at any time within three days allowed, and fix a penalty upon a shipper for failure to accept and load them at a time he had indicated by his demand that he would not need them, or at least at a time when he had not indicated that he would need them.

Appellants undertake to enforce their construction of the statute by reference to the provision of article 4502, requiring the shipper to have on hand at the time of the demand the amount of freight necessary to load the cars. This provision adds nothing to the force of their contention. Suppose such goods be perishable, at all events the carrier is not required to supply the cars in less time than three days, during which time, even under the construction of the statute insisted upon by appellants, the freight must be kept. This condition

necessarily results from the provisions of the statute that the freight must be on hand when the requisition is made, and that the carrier must have three days to supply the cars.

Appellants by the terms of their written demand required of appellee performance of a duty which the law did not require of it. They seek to avoid the effect of this by having the court construe the demand as one for the delivery of the cars, not at the time named, but at a time which they would have had the right to name, and they seek to reach this result by reading into a demand the provisions of the statute, and thus make it a demand for delivery within such time as the law allowed for compliance. In the case of Texas & P. Ry. Co. v. Hughes, 99 Texas, 533, the demand was for the cars to be furnished "as soon as possible." It was held by the Supreme Court that such demand did not comply with the statute and penalties could not be recovered for failure to comply. It seems to us that this holding is entirely inconsistent with appellants' contention, under which it would have been just as proper as in the present case to have read into the demand the provision of the statute, making it a demand for cars to be supplied as soon as the railway was required by the statute to supply them, after the demand, which would have been three days. It would have been more reasonable to have done so in that case than in this, where no latitude is allowed the railroad company. To the same effect also was the holding in Texas & P. Ry. Co. v. Shipman, 98 S. W., 449. There is no logical difference between a demand specifying no time for furnishing cars and a demand specifying an impossible time, or a demand made for the purpose of enforcing the performance of a statutory duty and stating a time for compliance which the statute did not authorize.

When appellants were notified, as they were by the refusal of appellee's agent to accept the requisition and the freight money, that appellee either could not or would not engage to furnish the cars within less than the statutory allowance of time, if they desired the cars at that time it would have been an easy matter for them to have made such demand as they were authorized to make, which, if not complied with, would have left appellees without excuse. Instead of that, without any further demand, they waited for forty days and until the penalties, if demandable, had reached $10,000 and then bring this suit. Our construction of the statute certainly works no hardship upon them. The trial court did not err in sustaining the demurrer and special exceptions to the petition referred to in the assignments, and the judgment must be affirmed.

Appellee urges that we further pass upon other questions presented in its brief, that is, that the statute did not require it to furnish cars to be carried to a point beyond its own line, and that the provision of the statute imposing the penalty is in contravention of the provision of the Constitution against the imposition of excessive fines. In a supplemental brief it is also insisted that the statute referred to was superseded by the Act of the Thirtieth Legislature, known as the "reciprocal demurrage Act." (Acts Thirtieth Leg., p. 343.) These questions are of far reaching importance, and a decision of neither of them is necessary to the decision of this case. We have

confined this decision to a disposition of the questions presented by the assignments of error. Our conclusion is that the judgment should be affirmed, and it is so ordered.

*Affirmed.*