## Texas & Pacific Railway Company v. Andrews, Reynolds & Company.

Decided April 17, 1909.

**1.—Railroads—Failure to Furnish Cars—Constitutionality of Statute.**

Under the construction given to articles 4497-4502 Rev. Stats. by the Supreme Court in the case of Allen v. Texas & Pacific Ry. Co., 100 Texas, 525, said statute is not subject to the constitutional objections that it deprives the railroad companies of their property without due process of law, and authorizes the imposition of excessive fines and punishment.

**2.—Same—Statute Construed.**

Under the provisions of articles 4497, (as amended by the Act of 1899, p. 67) and of article 4498, it is manifest that the Legislature intended to authorize the shipper to name the day on which he desired cars to be delivered for his use, subject only to the qualification that the railroad company should have at least the number of days after notice designated by the statute. Such periods are minimum periods which must in all cases be allowed by the shipper, but, subject to this limitation, the shipper has the right and it is made his duty to designate the time when the cars are desired. Chief Justice Conner, dissenting.

**3.—Same—Case Stated.**

The plaintiff, desiring to ship cattle from a station on defendant's railroad, made demand in writing upon defendant, as provided by statute, on November 26th for eight cars to be furnished him on December 8th, thereafter. Held, that the plaintiff had a right to designate a date for the delivery of the cars more than three days after the date of the demand, and, in the absence of a valid excuse, was entitled to recover the statutory penalty for failure to furnish the cars on the day designated. Chief Justice Conner, dissenting.

Appeal from the District Court of Midland County. Tried below before Hon. W. K. Homan, Special Judge.

*Ed. W. Smith,* for appellant.

*S. J. Isaacks* and *Graham B. Smedley,* for appellees.

CONNER, Chief Justice.—On November 26, 1906, appellees filed with appellant's local agent at Midland, Texas, an application for eight stock cars in which to ship cattle from Midland to Fort Worth, Texas, on December the 8th, 1906, at the same time depositing with such agent an amount equal to one-fourth of the freight charges on such shipment. The cars were not delivered at Midland until December 26, 1906, and appellees instituted this suit to recover actual damages and statutory penalties for delay. After alleging the facts stated, it was charged that the delay was negligent, violative of the statute, that the resultant actual damage was three hundred and sixty-five dollars and seventy-five cents, and that "by reason of the defendant's failure and refusal to furnish cars on December 8, 1906, and on each day thereafter until December 26, 1906, after having been given the statutory notice and demand to do so, and after having tendered the amount of money required by law, plaintiffs are entitled to recover of and from defendant the statutory penalty of $25 for each car demanded for each day said cars were not furnished after

December 8, 1906, and plaintiffs now sue for penalty in the sum of $1,600. Plaintiff says that the days for which he is suing for penalty are December 18 to December 26, 1906, both inclusive."

The defendant answered by general demurrer, special exceptions, general denial, and a special answer in which it was alleged that "the failure on the part of the defendant to furnish the cars demanded at the time demanded, or sooner than they were in fact furnished, was due to the fact that prior to the time the cars were demanded to be furnished an unprecedented volume of traffic of all sorts arose on its line of railway and continued during the time in which the matters herein arose, and that such extraordinary conditions caused a congestion of traffic and a blockade of defendant's tracks, sidetracks, sidings and switches, and that such increase in the volume of business could not reasonably be foreseen or avoided, although the defendant had ample facilities to handle such traffic as arose on its line or was offered it by its connecting carriers under ordinary or normal conditions, and did in fact handle such business under such conditions with reasonable promptness."

The court overruled all of appellant's exceptions and gave appellees a judgment for sixty dollars expended by them in holding their cattle during the delay in the receipt of cars, and a further sum of sixteen hundred dollars penalty. The trial was before the court without a jury and the cause is now presented to us for review on appellant's appeal, upon the evidence, the trial court's conclusions of fact and law, and the numerous assignments of error that are urged.

The action involves a consideration of the following articles of our statute:

"Art. 4497. (as amended 1899, p. 67.) Railroad to furnish cars when demanded.—When the owner, manager or shipper of any freight of any kind shall make application in writing to any superintendent, agent or other person in charge of transportation, to any railway company, receiver, or trusteee, operating a line of railway at the point the cars are desired upon which to ship any freight, it shall be the duty of such railway company, receiver, trustee or other person in charge thereof, to supply the number of cars so required, at the point indicated in the application within a reasonable time thereafter, not to exceed six days from the receipt of such application, and shall supply such cars to the persons so applying therefor, in the order in which such applications are made without giving preference to any person; provided, if the application be for ten cars or less, the same shall be furnished in three days; and provided, further, that if the application be for fifty cars or more, the railway company may have ten full days in which to supply the cars.

"Art. 4498. Application shall state, what.—Said application for cars shall state the number of cars desired, the place at which they are desired and the time they are desired; provided that the place designated shall be at some station or switch on the railroad.

"Art. 4499. Penalty for failure to furnish.—When cars are applied for under the provisions of this chapter, if they are not furnished, the railway company so failing to furnish them shall forfeit to the party or parties so applying for them the sum of twenty-five dollars

per day for each car failed to be furnished, to be recovered in any court of competent jurisdiction, and all actual damages that such applicant may sustain.

"Art. 4500. (As amended 1899, p. 67.) Applicant shall make deposit.—Such applicant shall, at the time of applying for such car or cars, deposit with the agent of such company one-fourth of the amount of the freight charge for the use of such cars, unless the said road shall agree to deliver said cars without such deposit. And such applicant shall, within forty-eight hours after such car or cars have been delivered and placed as hereinbefore provided, fully load the same, and upon failure to do so he shall forfeit and pay to the company the sum of twenty-five dollars for each car not used; provided, that where applications are made on several days, all of which are filled upon the same day, the applicant shall have forty-eight hours to load the car or cars furnished on the first application, and the next forty-eight hours to load the car or cars furnished on the next application, and so on; and the penalty prescribed shall not accrue as to any car or lot of cars applied for on any one day, until the period within which they may be loaded has expired. And if the said applicant shall not use such cars so ordered by him, and shall so notify the said company or its agent, he shall forfeit and pay to the said railroad company, in addition to the penalty herein prescribed, the actual damages that such company may sustain by the said failure of the applicant to use said cars."

Article 4501 relates to transportation of loaded cars, and is not applicable in this case.

"Art. 4502. Necessary for applicant to show, what.—It shall be necessary for the party or parties bringing suit against any railroad company under the provisions of this law, to show by evidence that he or they had on hand at the time any demand for cars was made, the amount of lumber, cotton, wool, hides, or other freight, necessary to load the cars so ordered; provided, that the provisions of this law shall not apply in cases of strikes or other public calamity."

It is insisted that the statute authorizing a penalty is void in that it violates the fourteenth amendment to the Constitution of the United States to the effect that no State shall deprive any person of his property without due process of law. The contention in substance is that the statute denies to the railway company the right to excuse a failure to furnish cars within the time required by the terms of the law when such failure is caused by extraordinary conditions suddenly and unexpectedly arising beyond the power of the company to control. But since the construction of the statute given by our Supreme Court in the case of Allen v. Texas & Pacific Ry. Co., 100 Texas, 525, allowing such defense, the constitutional objection now urged is not maintainable. Moreover, the trial court in this case permitted appellant to plead and offer evidence of a sudden and unexpected congestion of traffic and scarcity of cars in defense of the failure charged.

It is also urged that the statute is violative of the Constitution in that it authorizes the imposition of excessive fines and punishment, but we are not inclined to give ear to this complaint, and think, besides, that the Allen case, *supra,* and others that might be cited

are at least by implication against the contention. We therefore overrule all objections herein urged on constitutional grounds. We also overrule several other contentions herein made or involved for the reasons given in the case of Texas & Pacific Ry. v. Taylor, No. 5878, this day decided by us, which therefore need not be repeated here.

All other assignments of error are, we think, directly or indirectly involved in appellant's contention that the application for cars made by appellees is insufficient to support the court's finding and judgment for penalties. We therefore address ourselves to this question without further delay. The application is as follows:

"Midland, Texas, November 26, 1906.
"The agent of the Texas & Pacific Railway Company,
Midland, Texas.
"Dear Sir:—On Saturday, Dec. 8, 1906, we desire to ship from Midland, Texas, to Fort Worth, Texas, over your line of railroad, eight cars of cattle; and on that date, to wit: December 8, 1906, you will please furnish us at Midland, Texas, eight stock cars in which to ship said cattle. We herewith hand you $96, and amount equal to one-fourth of the freight charges on said cars from Midland, Texas, to Fort Worth, Texas. Yours Truly,
"Andrews, Reynolds & Company."

While the writer inclines to a contrary view, the majority are of opinion that the application is a sufficient compliance with the statute to authorize the recovery of the penalty for its disobedience. They say, in the language of Mr. Associate Justice Speer, that: "By article 4498 of the Revised Statutes, already quoted, it is required that the shipper shall state in his application the number of cars desired, the place at which they are desired, 'and the time they are desired.' When the statutes are read as a whole, it is manifest that the Legislature intended to authorize the shipper to name the day on which he would have the cars delivered, subject only to the qualification that the company should have at least the number of days designated by the statute. In Texas & Pac. Ry. Co. v. Hughes, 99 Texas, 533, the Supreme Court held that an application for cars 'as soon as possible' was not a compliance with the article last above cited, in that the application did not state any time whatever within which the cars were to be furnished. It is insisted, however, since the statutes provide that it shall be the duty of the railway company to supply cars at the point indicated in the application within a reasonable time thereafter, 'not to exceed six days from the receipt of such application,' and that where the application is for 'ten cars or less the same shall be furnished in three days,' and that since by article 4499, 'if they are not furnished the railway company so failing to furnish them shall forfeit,' etc., that the order in the present case, naming December 8, a day more than three days 'from the receipt of such application,' is not a compliance with the statute, since it demands a delivery of cars at a time other than that in which the law requires the railway

company to deliver them. In other words, according to article 4497 the reasonable time within which the carrier is given to furnish cars dating 'from the receipt of such application,' and that time itself being fixed by the statute, it is not within the power of the shipper to name another date and to recover a penalty for the company's failure to observe it. But we think the better view is that the respective periods allowed by the statute to the carrier within which to deliver cars on written order are minimum periods which must in all cases be allowed by the shipper, but subject to which the shipper has the right and it is made his duty to designate the time when such cars are desired. If the contention of appellant were sustained, the result would be entirely to destroy that portion of article 4498 which authorizes the shipper to state the time when the delivery of cars is desired, inasmuch as under that construction the law would in all cases name the day on which such cars should be delivered. The statutes evidently never contemplated that the carrier should deliver cars within the time designated in the body of the Act, where the shipper himself had designated in the order a day more remote."

As indicative of the writer's thought he wishes to briefly add that while of course sufficient as a basis for the recovery of actual damages in event of negligence, he thinks it may well be doubted whether the application under consideration affords that degree of certainty that the law requires in cases of penalty. As exemplified by many authorities, before a person should be punished as for a crime or in the way of a penalty, the law and the facts should leave no room for doubt as to what was the duty of the accused. And as directly applicable here it was said by our Supreme Court in the case of Texas & P. Ry. Co. v. Hughes, 99 Texas, 533, "the statute under which appellee seeks to recover is highly penal and the rule applies that he who seeks to recover a penalty under such statute must bring himself strictly within the provisions of the law." See, also, Ry. Co. v. Barrow, 33 Texas Civ. App. 611; Ry. Co. v. State, 100 Texas 420; State v. Texas & N. O. Ry. Co., 103 S. W. R. 654; Louisville & N. Ry. Co. v. Commonwealth, 35 S. W. R., 130; Mathews v. Murphy, 54 L. R. A. 415. It seems clear that at least the letter of the law required appellant to deliver at Midland the eight cars applied for by appellees in three days "from the receipt of such application." *Vide* article 4497, *supra.* If not so delivered, article 4499 denounced a penalty amounting in this case to two hundred dollars for each day of failure. The application was received by appellant's agent on November 26, and if the statutory requirement was to be followed, the cars, to avoid the penalty, must be furnished at Midland not later than November 30, yet the applicants demanded them for December 8, some nine days thereafter, and until then appellant could hardly expect the operation and benefit of the reciprocal penalty denounced by article 4500 in event appellees failed to accept and load the cars within forty-eight hours after delivery. In such case was appellant subject to the penalty if the cars were not delivered within the time required by the statute, and compelled to hold the cars at Midland during the interim without compensation or liability on the part of the appellees until forty-eight hours after December 8th?

But if the difficulties here suggested, if they are such, may be avoided by the reading of the statute adopted by the majority, and that construction is certainly a reasonable one if liberality of construction is allowable, then what were the duties of appellant in the matter of priorities so plainly enjoined by the statute? Article 4497 specifically requires that cars applied for under the statute shall be supplied "in the order in which such applications are made, without giving preference to any person." Let it be supposed, as may reasonably be done if we consider the length of appellant's line of railway through our extensive grazing territory, that upon November 27, appellant had received an application for eight cars or less to be furnished December 1 and so on up to December 8, each case allowing the statutory period and no more and let it be further supposed that by reason of prior applications and other excusing conditions recognized by law, appellant was unable to furnish all cars so applied for, including those for appellees. Then who of the applicants must await a further time? In other words, how can priority in application be observed if the statute is to be construed as allowing the shipper to make his application for cars nine, thirty, ninety, or any other number of days, far in advance of the time he needs them? To do so would seem to foster confusion, uncertainty, and perhaps enable a shipper to obtain advantage over others equally entitled to consideration. It may be well doubted whether the statute in requiring an applicant for cars to state "the time they are desired" contemplates an unbridled liberty in this respect. As a whole the statutes seem inconsistent with any such purpose. It is evident that promptness and diligence, not only on the part of the railway company, but also on the part of the shipper is intended. Not only is a penalty provided as against the shipper, but it is especially required that an applicant suing must "show by evidence" that he or they had "on hand" at the very time any demand for cars was made the amount of freight necessary to load the cars applied for. (Article 4502.) If when he applies he is *ready,* that is, has his property on hand, the writer sees no difficulty or deprivation of privilege in requiring an applicant in stating the time when the cars are desired, to name that day which will give to the railway company the full number of days allowed by the law for the particular number of cars applied for, and which will also enable the company to enforce, by penalty, acceptance and loading within forty-eight hours after they are furnished. The fact that the law omitted to prescribe the particular day that should be stated in the application is not conclusive that the Legislature intended to grant an intending shipper the right to name any day he chose, however remote from the time of making his application, in view of the variation in the number of days allowed for furnishing cars, dependent upon the number of cars demanded. So that, while it may not be entirely clear, it seems to the writer that less of uncertainty and confusion will arise to construe the statute allowing the shipper to name the day he desires the cars as meaning that he shall state the first day that he is entitled to receive the cars, viz., the day immediately following the full period allowed the railway company for furnishing the particular number of cars applied for.

If the shipper has his freight on hand when he makes his application, the forty-eight hours allowed by the statute before he is required to use the cars, a period amounting to two full days, gives all the latitude in statement of time he needs.

However, the opinion of the majority must prevail, and we accordingly adopt the trial court's conclusions and affirm the judgment for the penalty as well as the actual damages.

### ON MOTION FOR REHEARING.

It is very earnestly insisted that we erred in ignoring and overruling appellant's first assignment of error. The insistence in substance is that the court in effect found that appellant was excused from its failure to furnish cars for a number of days after the time the statute required their delivery at Midland, and that hence the court erred in assessing a penalty for a time not fixed by the statute. While appellees sought to recover, and the court adjudged, penalties only for the days including December 18 to December 27, 1906, they alleged that appellant incurred and appellees were entitled to recover the statutory penalty for the full period of delay after December 8, the day upon which the application required delivery, and the court's finding on the subject, which we approved, is as follows: "The evidence fails to show a sufficient excuse for the failure of defendant to furnish the cars in question on or before December 18, 1906, and defendant could by the use of reasonable diligence, notwithstanding the conditions prevailing at the time, have furnished said cars at Midland prior to December 18." This finding, aided by the judgment in appellees' favor, we think would require the conclusion, if necessary to support the judgment, that appellant was without excuse for its delay at any time after December 8. It follows, we think, that the assignment mentioned was properly overruled as unsustained by the record. That the court recited in his findings circumstances showing a congested condition of traffic, as alleged, and awarded penalties for the period only from December 18 to December 26, inclusive, is not deemed controlling, in view of the appellees' prayer and the final conclusion of fact on the part of the trial court. We fail to see how appellant can complain merely because the judgment awards less penalty than the pleadings and facts would have authorized save for the limitation of appellees' prayer for recovery.

Upon the question of the sufficiency of the application, both the majority and the writer see no reason to change their views as expressed in our original opinion, and the motion for rehearing must therefore be overruled.

*Affirmed.*

Writ of error granted, reversed in part and affirmed for actual damages only. 103 Texas, 271.