## LEBANON VALLEY IRON & STEEL CO. v. AMERICAN SHIPBUILDING & DOCK CORPORATION.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1922.)

No. 1923.

1. **Sales ☞127—Delay in delivering article to be manufactured held not to entitle buyer to rescind without notice.**

Where the seller agreed to manufacture and deliver as soon as possible a large quantity of spikes for shipbuilding during the war, when delays in manufacture might be reasonably anticipated, and the buyer accepted the delivery of other articles covered by the same order three and four months after the order was given, without objection to the delay, the buyer was not authorized, after the delivery of the spikes six months after the order was given, to declare the contract rescinded for the delay in delivery; no notice having previously been given to the seller of such rescission.

2. **Contracts ☞271—Notice essential to rescission for delay, where no time for performance is fixed.**

Where the contract fixes no definite date for its performance, notice is a prerequisite to the right of one party to rescind for delay for performance by the other.

3. **Sales ☞181(9)—Evidence of difficulties in manufacture is competent to show delivery was within reasonable time.**

Where a contract for the manufacture and sale of spikes fixed no time for delivery, evidence of the difficulties encountered by the seller in manufacturing the articles was admissible, after the buyer's refusal to accept them because of the delay, on the issue whether delivery was tendered within a reasonable time.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action by the Lebanon Valley Iron & Steel Company against the American Shipbuilding & Dock Corporation. Judgment for defendant, and plaintiff brings error. Reversed, and new trial awarded.

Douglas McKay, of Columbia, S. C. (Barron, McKay, Frierson & McCants, of Columbia, S. C., on the brief), for plaintiff in error.

Charlton Ogburn, of New York City, for defendant in error.

Before KNAPP, WOODS and WADDILL, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KNAPP, Circuit Judge. Plaintiff in error, plaintiff below and herein so called, brought this suit to recover the contract price of a quantity of galvanized iron spikes, which it manufactured for defendant on the latter's order. The trial resulted in a verdict for defendant, and the case comes here on assignments of error.

The order in controversy, which included other articles besides the spikes, was transmitted to plaintiff under date of September 6, 1918, and accepted a few days later. It contained the following:

"Please ship this material at the earliest possible date. It is clearly understood that all the above material must meet the requirements of the U. S. Shipping Board and American Bureau of Shipping."

The spikes were not shipped until about the middle of March, 1919, some six months after the order was received, and acceptance was refused because of the delay. At the trial defendant attempted to show that the order was canceled in November, but the attempt was unsuccessful. Indeed, its letter of December 10th seems plainly inconsistent with any such claim, since it states "that all material which has been received from you by us has been forwarded to the Emergency Fleet Corporation, Jacksonville, Fla., as all this material was ordered for the above corporation," and requests that "all your bills and statements" be sent to its district auditor at a named address in that city. Answering on the 13th, plaintiff writes that it had not received an order from any one for the "clinch rings," mentioned in defendant's letter, but had received orders from defendant "for round spikes, boat spikes, and for bolts," and adds, "If you desire these instructions to apply against these orders, kindly advise." To this inquiry defendant appears to have made no reply.

This correspondence, three months after the order was placed, shows that more or less of the material was yet to be delivered, and implies acquiescence by defendant in such future shipments. It certainly indicates no unwillingness to accept the spikes because of the time which had already elapsed or which might elapse before they were received. Neither then nor afterwards, until the spikes were actually shipped, did defendant give any notice, formal or informal, that they would be refused on account of delay in making delivery. As late as January 30th, replying to defendant's letter of the 7th, plaintiff says that it made a shipment of bolts and nuts, part of the original order, on the 27th of that month, asks return of the invoices sent defendant and advice as to "just how this should be charged to the Emergency Fleet Corporation," and states that "when this is received we will cancel the invoices against you and rebill to the Emergency Fleet Corporation."

The testimony shows that this request was complied with and the shipment accepted and paid for without objection. In short, although its order called for shipment "at the earliest possible date," defendant at no time thereafter requested prompter deliveries than were actually made, gave no intimation that it objected to the delay, but impliedly assented thereto in its letters to plaintiff and otherwise, allowed the manufacture of the spikes to be completed without protest or notice of any sort, and then, when they arrived, refused acceptance on the

ground that plaintiff had broken the contract by failing to ship at an earlier date. Its sole defense is the time that elapsed between the order and the delivery.

[1] In the circumstances here disclosed we are of opinion that this defense cannot be sustained. The contract in question fixed no definite date for performance. Defendant understod that the articles ordered were to be made by plaintiff and therefore could not have expected immediate delivery. A substantial period of time, sufficient for the manufacture, was necessarily in contemplation. Moreover, under conditions then prevailing, and of which defendant was fully aware, delays in filling such orders were often unavoidable and always to be taken into account. This being so, it seems clear that defendant could not remain silent, accept partial deliveries in December and the last of January, make no objection to further delay in shipping the balance of the order, seemingly acquiesce in what plaintiff was doing, and then upon tender of the spikes, barely six weeks later, refuse to receive them for no other reason than the lapse of time since they were ordered. The settled rule of law in such case refutes defendant's contention.

[2] An exhaustive discussion of the subject, with numerous citations, will be found in 13 Corpus Juris, beginning at page 604, all to the effect that notice is a prerequisite to the right of rescission when the contract fixes no definite date for performance. And the right to rescind because of delay must be asserted promptly. Page 618, notes 17, 18, and 19, and page 619, notes 29, 30, and 31. In 6 Ruling Case Law, 932, the rule is thus stated:

"The failure of a party to perform his part of a contract does not per se rescind it; the other party must within a reasonable time give notice of his intention to rescind. A formal or written notice is not necessary, but the law requires, on the part of him who would rescind, some positive act which shows such an intention."

In 9 Cyc. 613, it is said:

"When no time has been fixed for the performance of a contract, either party may limit a reasonable period within which it must be performed by giving the other party a reasonable notice."

In Hennessy v. Bacon, 137 U. S. 78, at page 84, 11 Sup. Ct. 17, at page 19 (34 L. Ed. 605) directly in point, the Supreme Court says:

"The general rule being that if a party means to rescind a contract because of the failure of the other party to perform it, he should give a clear notice of his intention to do so, unless the contract itself dispenses with such notice, or unless notice becomes unnecessary by reason of the conduct of the parties."

Among other illustrative cases, all in accord with the general rule, are Lovell v. Isidore Newman & Son, 192 Fed. 753, 113 C. C. A. 39; Thompson v. Dulles, 5 Rich. Eq. (S. C.) 370, 387; Elliott v. Howison, 146 Ala. 568, 587, 40 South. 1018; Taylor v. Goelet, 208 N. Y. 253, 101 N. E. 867, Ann. Cas. 1914D, 284; Texas, etc., Ry. v. Hughes, 99 Tex. 533, 91 S. W. 567, 70 L. R. A. 946, 122 Am. St. Rep. 603; and Snodgrass v. Wolf, 11 W. Va. 158.

These authorities are decisive of the instant case. The fact that the articles in question were to be manufactured, to say nothing of the conditions then existing, made shipment "at the earliest possible date" a plainly indefinite, if not uncertain, time. And this fact, coupled with acceptance of partial deliveries three and even more than four months after the order, put upon defendant the duty of giving reasonable notice, if it intended to claim the right of rescission. Its continued silence carried the implication of assent to the delay, and without such notice it could not, a little while later, refuse to receive the balance of the order because not sooner delivered. The mere lapse of time did not serve to relieve it from obligation. For these reasons, without pursuing the argument further, we are constrained to hold that on this record a verdict for plaintiff should have been directed because the proof showed no defense to the action.

[3] This conclusion makes it unnecessary to discuss the remaining assignments of error, but we deem it proper to add that, even upon the theory adopted by the trial court, the evidence offered by plaintiff, as to the difficulties attending the manufacture and delivery of spikes at that particular time, was erroneously excluded, because those difficulties bore directly, as we think, and were entitled to be considered, on the question of reasonable time.

The judgment will be reversed, and a new trial awarded.

Reversed